## HYNES v. S. A. & D. R'y Co.

1. **Practice**: ABATEMENT: ARBITRATION. The remedy, where the defense is an agreement to arbitrate and an award, should not be sought by a motion to dismiss, but by an answer in abatement.

2. ——: ——: ——: APPLICATION. Where plaintiff asks damages for the alleged appropriation of a right of way, and defendant moves to dismiss on the ground that the controversy has been submitted to arbitration and an award made: *Held*, that the plaintiff had a right to disprove the agreement to arbitrate or to show that it was procured by fraud, and the motion was accordingly properly overruled.

*Appeal from Clinton Circuit Court.*

MONDAY, APRIL 27.

ACTION to recover of defendant damages for the alleged appropriation of right of way over plaintiff's premises, for the digging of a well and negligently leaving it uncovered, into which plaintiff's animals fell, for the removal of plaintiff's fence, and the covering up of a spring on plaintiff's premises.

On the 5th day of July, 1872, defendant filed an answer denying specifically the allegations of the petition.

On the 19th day of April, 1873, defendant filed its motion to dismiss the action upon the ground: "That said court has not jurisdiction to farther proceed in said cause, as the same has been settled by award on file: and that the defendant has fully complied with all the terms and conditions of said stipulation and award; and as the court had no farther jurisdiction in the action."

In support of this motion reference was made to papers on file, showing agreement to refer, an award and a tender of the amount awarded.

The court overruled the motion to dismiss. Defendant appeals.

*Corning & Grohe*, for appellant.

*I. Munroe* and *Cotton & Cross*, for appellee.

DAY, J.—The motion to dismiss was properly overruled. The matters which it contains should have been set up in a supplemental answer in abatement. Revision, §§ 2942 and 2968; 1 Chitty on Pleading, 657-8 marginal.

The plaintiff has a right to disprove the agreement to submit, or to show that it was procured by fraud. In either case the defense alleged would not be sustained.

The matter alleged is purely defensive, as much so as payment, release, or a former adjudication of the same matter.

There is no principle which authorizes its determination upon a mere motion.   Causes are tried upon issues joined.

For this reason the action of the court was right.

AFFIRMED.